# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| THOMAS ALFRED BRYDON, | |
| Plaintiff, | No. C09-0015-LRR |
| | No. CR04-0103-LRR |
| vs. | |
| UNITED STATES OF AMERICA, | ORDER |
| Defendant. | |

This matter appears before the court on Thomas Alfred Brydon's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1), motion for leave to proceed in forma pauperis (docket no. 2) and motion for appointment of counsel (docket no. 3). Thomas Alfred Brydon ("the movant") filed his motions on February 3, 2009.

In the instant § 2255 motion, the movant raises a claim based on *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). *Cf. Sun Bear v. United States*, 611 F.3d 925 (8th Cir. 2010). Having conducted the required review under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court concludes that summary dismissal of the movant's § 2255 motion is not appropriate at this time. *See Blackledge v. Allison*, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (making clear that summary dismissal is appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false). Accordingly, the government is directed to file either an answer in accordance with Rule 5(b) of the Rules Governing Section 2255 Proceedings or an appropriate motion under Federal Rule of Civil Procedure 12 by no later than October 8, 2010. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. If the government elects to file an answer, the movant may file a reply by no later than October 15, 2010. *See* Rule 5(d) of the Rules Governing Section 2255

Proceedings.[1] In the event that the government concludes that relief under § 2255 is not available and decides to file an answer, the court will establish by subsequent order a briefing schedule.

With respect to the motion for leave to proceed in forma pauperis, it appears from the record that the movant is unable to pay for the costs of obtaining transcripts or the assistance of counsel that may be associated with his § 2255 motion. Accordingly, the movant's motion to proceed in forma pauperis (docket no. 2) is granted. With respect to the motion for appointment of counsel, the court believes that the defendant will benefit from the assistance of counsel. Accordingly, the movant's motion for appointment of counsel (docket no. 3) is granted. The clerk's office is directed to contact the Federal Public Defender so that an appropriate appointment can be made.

**IT IS SO ORDERED.**

**DATED** this 14th day of September, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that, as a general matter, a movant may not bring up new matters in a reply brief. *See McGhee v. Pottawattamie County*, 547 F.3d 922, 929 (8th Cir. 2008); *Barham v. Reliance Std. Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006); *see also* N.D. Iowa L. R. 7(g) (allowing a reply brief to be filed within 7 days after a responsive pleading is filed and explaining that a reply may assert newly-decided authority or respond to new or unanticipated arguments).